UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| VICTOR THOMAS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-088 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Victor Thomas, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 15-07-217) that was held at the Westville Correctional Facility on July 20, 2015. The Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of B-212 and sanctioned him with the loss of 30 days earned credit time. In the petition, Thomas raises four grounds and the case is now fully briefed.

In Ground One, Thomas argues that he was not assigned an effective lay advocate. The Respondent argues that Thomas did not raise this issue during his administrative appeals and it is therefore procedurally defaulted. Thomas argues that he did not raise this argument sooner because he "was not well versed in the law, nor Indiana Department of Corrections policies and procedures." DE 15 at 2. However, "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Thomas' ignorance of the law does not excuse procedural default. Nevertheless, even if it could, Thomas did not have a Constitutional

right to a lay advocate. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) (Lay advocate only required when the inmate is illiterate or the issues are complex.). *See also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992) and *Wilson-El v. Finnan*, 263 Fed. Appx. 503 (7th Cir. 2008). Here, Thomas states that he "is not illiterate . . .." DE 1 at 4. Neither was this a complex case. He was charged with Assault/Battery because he was seen dragging another inmate into a cell. He admits that he was moving the inmate who was on the floor, but argues that he was trying to help, not hurt him. Ultimately the DHO did not believe Thomas, but that does not mean that this case was too complex for him to have defended it on his own.

In Ground Two, Thomas argues that the officer did not call for assistance nor mention that Thomas injured the other inmate in any way. In Ground Three, he argues that the report does not mention whether the victim was tested for drugs. In Ground Four, he argues that prison officials had an obligation to investigate what happened. All of these grounds are different ways of arguing that there was not sufficient evidence to have found him guilty.

Thomas believes that if his contact with the other inmate was not so violent that the guard felt the need to summon additional guards, then he cannot be guilty. He believes that if the other inmate was not injured, then he cannot be found guilty. However, neither extreme violence nor injury were required to find him guilty of this offense. Battery is defined as "[t]he nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact." Black's Law Dictionary (10th ed. 2014). Thus, the absence of an injury did not preclude finding Thomas guilty.

Thomas argues that he was trying to help the other inmate to his bed because he was intoxicated. He argues that the guard and the hearing officer misunderstood why he was dragging the inmate into a cell. He argues that they should not have concluded that he was trying to harm

that inmate. The hearing officer understood what Thomas was saying. The Hearing Report includes this summary of Thomas' statement at the hearing: "The guy was on the floor drooling. I was trying to help him to his bed. I asked the officer for help. I did not assault him." DE 1-1 at 3. Thomas' explanation is plausible and he might not have intended to harm the other inmate by dragging him into a cell. However, that is not what the DHO concluded.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Thomas argues that the DHO was required to apply a preponderance of the evidence standard. That may be true, but he cannot obtain habeas corpus relief unless he can demonstrate that there was not some evidence or that the decision of the DHO was arbitrary. It is plausible that Thomas did not intend to harm the other inmate. However it is not for this court to re-weigh the evidence nor judge the credibility of Thomas' statements. Thomas argues that "[t]his case is based around a sealed document which could prove the Petitioner's innocence . . . .." That sealed document is the "confidential offender witness statement from victim." DE 1-1 at 3. That statement was submitted to this court under seal and has been reviewed. It does not exonerate Thomas. Given the evidence in the record, it was not arbitrary to have found Thomas guilty of Assault/Battery.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: March 9, 2017

                                                                               /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Judge